AO 472 (Rev. 3/86) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

District of NEBRASKA

FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA
2008 JUN 23 PM 3: 14
OFFICE OF THE CLERK

UNITED STATES OF AMERICA
v.
DANIEL AMARO SANCHEZ
    Defendant

ORDER OF DETENTION PENDING TRIAL

Case   4:08CR3085

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a   ☐ federal offense   ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed   that is
    ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
    ☐ an offense for which the maximum sentence is life imprisonment or death.
    ☒ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _18 USC 841(a) and (b)(1)_
    ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
☐ (3) A period of not more than five years has elapsed since the   ☐ date of conviction   ☐ release of the defendant from imprisonment for the offense described in finding (1).
☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

☒ (1) There is probable cause to believe that the defendant has committed an offense
    ☒ for which a maximum term of imprisonment of ten years or   _21 U.S.C. Sec. 801 et seq._
    ☐ under 18 U.S.C. § 924(c).
☒ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

☒ (1) There is a serious risk that the defendant will not appear.
☐ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by   ☐ clear and convincing evidence   ☐ a preponderance of the evidence that _the defendant's counsel waives a detention hearing, may move for one after further investigation._

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

June 23, 2008
Date

_Warren K. Urbom_
Signature of Judicial Officer

Warren K. Urbom, U.S. Senior District Judge
Name and Title of Judicial Officer

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 et seq.); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 et seq.); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).